# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| **DALE P. FIELDS, JR.,** | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 2:20-00147 |
| v. | ) |
| **STATE OF WEST VIRGINIA,** *et al.*, | ) |
| **Defendants.** | ) |

## O R D E R

Pending before the Court are the following: (1) Plaintiff's Motion for Leave to File an Amended Complaint (Document No. 9); (2) Plaintiff's Motion to Appoint Guardian ad Litem (Document No. 10); and (3) Plaintiff's Motion to Extend Time to File Response to Defendants' Motion to Dismiss (Document No. 11).

1. **Motion for Leave to File an Amended Complaint (Document No. 9):**

In his Motion, Plaintiff requests permission to amend his Complaint. (Document No. 9.) Plaintiff states that he "makes his request to file an Amended Complaint prior to the Defendants filing an Answer to the original complaint." (Id.) Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the

part of the moving party, or the amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted).

On February 26, 2020, the State of West Virginia and the West Virginia Division of Rehabilitation and Corrections, by counsel, filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 3 and 4.) Specifically, the above Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted. (Id.) Plaintiff now requests permission to amend his Complaint. (Document No. 9.) It is well recognized that where a *pro se* Complaint can be remedied by an amendment, the Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015). Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Document No. 9) is **GRANTED**. Plaintiff shall file his Amended Complaint on or before **April 27, 2020**.[1] Plaintiff is further **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint, or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the original Complaint, and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

---

[1] If Plaintiff is unaware of the names of the relevant individuals, he shall designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify each individual in the body of the Complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the Complaint. Plaintiff is **NOTIFIED** that service of process cannot be effectuated on "John Doe" or "Jane Doe" defendants. If a defendant is not served, Plaintiff will not be able to prevail on his claim against that person. It is Plaintiff's responsibility, and not the duty of the Court, to ascertain the identities and addresses of those individuals whom Plaintiff believes caused him injury.

2.  **Motion to Appoint Guardian Ad Litem (Document No. 10):**

In his above Motion, Plaintiff requests the appointment of a guardian ad litem pursuant to Rule 17(c). (Document No. 10.) Plaintiff requests the appointment of a guardian ad litem to assist him "in naming the John Does listed in the complaint as the Plaintiff is constricted in his abilities to do the required research."[2] (Id.)

Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, "[t]he Court must appoint a guardian ad litem – or issue another appropriate order – to protect a[n] incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c)(2). The duty of inquiry involves a determination of whether there is verifiable evidence of incompetence. See Hudnall v. Sellner, 800 F.2d 377, 385 (4th Cir. 1986)(finding that bizarre behavior alone is insufficient to trigger a mandatory inquiring into a litigant's competency but "if there has been a legal adjudication of incompetence and that is

---

[2] To the extent Plaintiff may be requesting the appointment of counsel, the undersigned will briefly consider the claim. Appointment of counsel for indigent plaintiffs having claims under Section 1983 is required only in cases presenting complex issues or exceptional circumstances and the plaintiff's ability to present the case is questionable. *See Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent to the District Court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975)("[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases . . . ."); *United States v. $27,000.00, More or Less in U.S. Currency*, 865 F.Supp. 339, 340 (S.D.W.Va. 1994)(*citing, Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 300-02, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989); *Spears v. United States*, 266 F.Supp. 22 (S.D.W.Va. 1967)). Having examined the record in this case, the undersigned finds that to the extent Plaintiff requests the appointment of counsel, such should be denied. First, the undersigned finds that it is not clear that Plaintiff has presented a colorable claim. The Court will know more about the strength of Plaintiff's claims after the filing of his Amended Complaint. Next, the record is void of any indication that Plaintiff is incapable of representing himself at this point in the proceedings. Although Plaintiff's incarceration will undoubtedly make it more difficult for him to pursue his case, as does his lack of legal knowledge, these circumstances do not satisfy the exceptional standard. *See Louis v. Martinez*, 2010 WL 1484302, * 1 (N.D.W.Va. April 2, 2010)(denying appointment of counsel where inmate was housed in the special housing unit, subjected to continuous lock down, with restricted access to the law library and no opportunity to obtain legal assistance from fellow inmates). Accordingly, it is not clear at this juncture that the Plaintiff's case and circumstances meet the exceptional circumstances standard.

brought to the court's attention, the Rule's provision is brought into play.") The Fourth Circuit has recognized that Rule 17(c) contemplates a "form of mental deficiency which – whether or not accompanied by other forms of personality disorder – affects the person's practical ability to manage his or her own affairs." Id. Incompetence, however, requires "something other than mere foolishness or improvidence, garden-variety or even egregious mendacity, or even various forms of the more common personality disorders." Id.

In the instant case, the undersigned finds no indication that Plaintiff is legally incompetent. Plaintiff merely complains that his ability to do research is restricted due to his incarceration. Such does not establish a legal adjudication of legal incompetency. Furthermore, the undersigned has thoroughly reviewed the *pro se* filings by Plaintiff and finds no indication that Plaintiff lacks the ability to manage his own affairs. The record reveals that Plaintiff, representing himself, is adequately pursuing his claim and filing motions in the above action. Accordingly, it is hereby **ORDERED** that the Plaintiff's Motion to Appoint Guardian Ad Litem (Document No. 10) is **DENIED**.

    3.    **Motion for Extension of Time (Document No. 11):**

Plaintiff seeks an extension of time in which to file a Response to the Defendants' Motion to Dismiss (Document No. 3). (Document No. 11.) In support of his Motion, Plaintiff explains that Stevens Correctional Center has been on a lockdown for approximately two weeks. (Id.) Plaintiff, therefore, explains that his access to the law library has been restricted. (Id.) It is hereby **ORDERED** that Plaintiff's above Motion (Document No. 11) is **GRANTED**. Plaintiff shall file a Response to Defendants' Motion to Dismiss (Document No. 3) by **May 4, 2020**.[3] Following

---

[3] To the extent Plaintiff files his Amended Complaint, such may render moot the Defendants' Motion to Dismiss, or require a renewal of the Motion to Dismiss.

service of Plaintiff's Response, the Defendants will have seven (7) business days within which to file a Reply to Plaintiff's Response.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record. The Clerk is further directed to mail to Plaintiff a copy of a form Complaint.

ENTER: March 19, 2020.

Omar J. Aboulhosn
United States Magistrate Judge